**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT DESROSIERS,<br><br>                                    Plaintiff,<br><br>       v.<br><br>MILDRED GARCIA, *et. al*,<br><br>                                    Defendants. | Case No. 26-cv-02111-BAS-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 4)** |

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).  It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the same even-handed care

- 1 -

must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff Scott Desrosiers represents that his average monthly income for the past twelve months is $2,900 per month. (ECF No. 4 at 2.) Plaintiff also represents that his total monthly expenses are $2,558 per month. (*Id*. at 5.) The fact that Plaintiff's monthly salary for the past twelve months far exceeds his monthly expenses is sufficient basis for the Court to deny Plaintiff's motion for in forma pauperis. *See Dorn-Kerri v. S. W. Cancer Care*, No. CIV. 06CV1754 (NLS), 2009 WL 635716, at *1 (S.D. Cal. Mar. 9, 2009), *aff'd sub nom. Dorn-Kerri v. Sw. Cancer Care*, 385 F. App'x 643 (9th Cir. 2010) ("Given that the total monthly expenses are less than the total monthly family income, the Court denies Plaintiff's request to proceed *in forma pauperis*.").

Plaintiff's motion is thus, **DENIED WITHOUT PREJUDICE**. (ECF No. 2.) If Plaintiff wishes to file an amended IFP motion, he must do so by **May 18, 2026**. Alternatively, Plaintiff may also pay the filing fee. The Court warns Plaintiff that if he

26cv2111

does not file an amended IFP motion by **May 18, 2026**, or pay the filing fee, the Court will direct the Clerk of Court to close the case.

**IT IS SO ORDERED.**

**DATED: May 4, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2111