**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT DESROSIERS,<br><br>                                    Plaintiff,<br><br>     v.<br><br>MILDRED GARCIA, *et. al*,<br><br>                                    Defendants. | Case No. 26-cv-02111-BAS-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 6)** |

Before the Court is a motion for appointment of counsel by Plaintiff Scott DesRosiers. (ECF No. 6.) For the reasons below, the Court **DENIES** Plaintiff's Motion. (*Id.*)

Unlike criminal defendants, indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate

- 1 -

26cv2111

his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915 does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiff seeks pro bono counsel on the basis of his indigence. (ECF No. 6.) However, absent evidence that these factors significantly interfere with Plaintiff's ability to prosecute the case, he has not demonstrated "extraordinary circumstances" warranting appointment of counsel. *See Olson v. Smith*, 609 Fed. Appx. 370, 373 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1165 (2016) (disabilities); *see also Signorelli v. Hughes*, 363 Fed. Appx. 455, 456 (9th Cir. 2010); (disabilities); *Bolton v. Towing*, No. 523CV00941JLSAJR, 2023 WL 8168951, at *1 (C.D. Cal. Nov. 9, 2023) (homelessness); *Webb v. NaphCare, Inc.*, 2022 WL 2192977, at *2 (W.D. Wash. Jun. 16, 2022) (homelessness and indigence). Plaintiff has demonstrated that, despite his adverse circumstances, he has been able to continue prosecuting their case and articulating their claims without the assistance of counsel. Further, at this early stage in the proceedings, the Court cannot determine whether Plaintiff's claims are meritorious. Accordingly, the Court **DENIES** Plaintiff's Motion (ECF No. 6).

**IT IS SO ORDERED.**

**DATED: May 5, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv2111