UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DESROSIERS, <br><br> Plaintiff, <br><br> v. <br><br> MILDRED GARCIA, *et. al*, <br><br> Defendants. | Case No. 26-cv-02111-BAS-DEB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR DENIAL OF ACCESS TO COURTS AND APPOINTMENT OF COUNSEL (ECF No. 9)** |

Plaintiff Scott Desrosiers ("Plaintiff") brings a motion for denial of access to courts against Defendant Inspector Katz for allegedly falsifying a government investigation ("Motion"), since such falsification allegedly prevented Plaintiff from obtaining pro bono counsel. (ECF No. 9.)  In the same Motion, Plaintiff requests appointment of pro bono counsel.

First, "[t]he denial of counsel in a civil rights claim is not a denial of access to the courts." *Sharp v. Montana*, No. CV 13-88-GF-DWM, 2014 WL 824820, at *4 (D. Mont. Mar. 3, 2014), *aff'd*, No. 14-35207, 2014 WL 12972230 (9th Cir. Sept. 25, 2014) (citing *Lewis v. Casey,* 518 U.S. 343, 351 (1996)).

Second, unlike criminal defendants, indigent civil litigants have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).  Even assuming Plaintiff is an indigent civil litigant, Plaintiff has

- 1 -

not alleged any exceptional circumstances warranting appointment of a pro bono counsel—especially given the early stage of proceedings.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (two factors determine whether extraordinary circumstances exist: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved).

Thus, for the reasons above, the Court **DENIES** Plaintiff's Motion.  (ECF No. 9.)

**IT IS SO ORDERED.**

**DATED: May 27, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv2111