# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SCOTT DESROSIERS,

Plaintiff,

v.

MILDRED GARCIA, *et al.*,

Defendants.

Case No. 26-cv-02111-BAS-DEB

**ORDER:**

**(1) SCREENING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 12);**

**(2) GRANTING PLAINTIFF'S MOTION FOR U.S. MARSHAL SERVICE (ECF No. 14);**

**(3) DENYING PLAINTIFF'S EX PARTE TRO APPLICATION (ECF No. 16);**

**(4) GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS (ECF No. 18); AND**

**(5) GRANTING PLAINTIFF'S MOTION TO ELECTRONICALLY FILE (ECF No. 19)**

Presently before the Court are Plaintiff Scott Desrosiers's motions, including: (1) Amended Complaint (ECF No. 12); (2) Application for a U.S. Marshal to Effect Service (ECF No. 14) ("Service Motion"); (3) Ex Parte Application for TRO and Related Relief

- 1 -

26cv2111

(ECF No. 16) ("Ex Parte TRO Application"); (4) Motion to Extend Time for Service of Process (ECF No. 18); and (5) Motion to Electronically File (ECF No. 19).

For the reasons below, the Court **DISMISSES WITH PREJUDICE, IN PART** Plaintiff's Amended Complaint.  (ECF No. 12.)  Additionally, the Court **DENIES** Plaintiff's Ex Parte TRO Application.  (ECF No. 16.)  However, the Court **GRANTS** Plaintiff's Service Motion, Motion to Extend Time for Service of Process, and Motion to Electronically File.  (ECF Nos. 14, 18, 19.)

## I.   DISCUSSION

### A.   Screening Amended Complaint (ECF No. 12)

On April 3, 2026, Plaintiff filed his original Complaint against Defendants Kirk Campbell ("Campbell"), Terry Williams ("Williams"), Nathan Doherty ("Doherty"), Jessica Rentto ("Rentto"), Mildred Garcia ("Garcia"), Adela De la Torre ("De la Torre"), Mark Katz ("Katz"), Tim Decker ("Decker"), Debra Lee ("Lee"), and Brandon Hart ("Hart").  (ECF No. 1.)  The Court partially dismissed Plaintiff's Complaint without prejudice.  (ECF No. 11.)  Plaintiff filed an Amended Complaint.  (ECF No. 12.)

The Court now screens Plaintiff's Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court does not rehash the factual background or legal standards previously discussed at length in its prior screening Order.  (ECF No. 11.)

### 1.   Count 1: 42 U.S.C. § 1983 - First Amendment Retaliation Against Defendants Garcia, De la Torre, Campbell, Williams, Doherty, Rentto, Katz, Decker, and DOE 1 in Their Individual Capacities

First, the Court finds that Plaintiff's claims against Campbell, Williams, Doherty, Rentto, and Katz survive for the same reasons discussed in its prior Order.  (ECF No. 11 at 7:9–8:1.)  For the same reasons, the Court also permits Plaintiff's claims against Defendant DOE 1, since Plaintiff has alleged DOE 1 participated in the policy restricting Plaintiff's ability to discuss his safety concerns to others at SDSU alongside Williams.  (ECF No. 12 ¶ 79.)

26cv2111

Second, the Court now finds that Plaintiff's First Amendment retaliation claims against Garcia survive. Plaintiff now alleges that Garcia has declined independent review of an EO 1116 complaint, appointed Rentto as the investigator of Plaintiff's whistleblower complaint, and required Plaintiff to disclose his confidential whistleblower complaint to rebut his performance evaluation. (ECF No. 12 ¶ 84.)

Third, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims in Count 1 against Decker and De la Torre. (ECF No. 12.) Plaintiff makes no new allegations with respect to Decker. Plaintiff's Count 1 claims against Defendant Decker are dismissed for the same reasons discussed in this Court's prior Order. (ECF No. 11 at 8:21–25.) Next, though Plaintiff adds when De la Torre assumed SDSU presidency relative to the publication of a report documenting safety violations (ECF No. 12 ¶ 36), Plaintiff still fails to allege that De la Torre conducted any specific retaliatory acts (ECF No. 11 at 8:21–25).

> **2.    Count 2: 42 U.S.C. § 1983; Substantive Due Process Violation Against Defendants Campbell, Williams, Doherty, and Rentto in Their Individual Capacities**

The Court previously dismissed the Count 2 claim because Plaintiff had failed to allege that any Defendants ordered Plaintiff to perform a hazardous task that they knew was hazardous. (ECF No. 11 at 10:11–21.) However, here, Plaintiff has alleged that Campbell directed Plaintiff to perform tasks in areas with dangerous chemicals and Plaintiff had nearly asphyxiated while performing those tasks. (ECF No. 12 ¶ 91.) Thus, the Court permits Plaintiff's claim against Campbell to proceed.

On the other hand, given that Plaintiff has failed to allege any specific directives to perform hazardous tasks by Williams, Doherty, and Rentto as required by the state-created danger doctrine, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Count 2 claim against those Defendants. (ECF No. 12.)

> **3.    Count 3: 42 U.S.C. § 1983; Substantive Due Process Violation Against Defendants Garcia, De la Torre, Campbell, Williams, Doherty, and Rentto in Their Individual Capacities**

26cv2111

The Court previously permitted Plaintiff's Count 3 claim against Defendant Doherty to proceed, since Plaintiff alleged Doherty escorted Plaintiff off-campus after accusing him of dangerous actions against other employees and without providing Plaintiff adequate notice of a meeting to challenge Doherty's allegations.  (ECF No. 11 at 11:9–16.)  The Court permits Plaintiff's Count 3 claim in his Amended Complaint to proceed against Doherty for the same reasons in its prior Order.  (*Id*. at 10:22–11:25.)

Plaintiff's Amended Complaint now includes allegations that Williams participated in the late-notice meeting that Doherty had levied accusations against Plaintiff; and that Campbell and Williams coordinated the meeting.  (ECF No. 12 ¶¶ 43, 105.)  Thus, the Court also permits Plaintiff's Count 3 claim against Campbell and Williams to proceed.

However, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Count 3 claim against Defendants Garcia, De la Torre, and Rentto.  (ECF No. 12.)  Plaintiff still fails to allege any affirmative action taken by those Defendants to deprive Plaintiff of adequate due process to challenge Plaintiff's stigmatizing charge.

> **4.   Count 4: 42 U.S.C. § 1983 - First and Fourteenth Amendments Prospective Relief- Ex parte Young Against Defendants Garcia and De la Torre in Their Official Capacities; Against Defendants Lee and Hart in Their Official Capacities**

Plaintiff's Amended Complaint still fails to allege that Plaintiff has been "effectively exclude[ed] from his chosen profession," *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013), because of the stigmatizing charge.

In addition, Plaintiff's new theory that false records constitute denial of access to courts because it would prevent Plaintiff from bringing claims in state court fails.  In the Ninth Circuit, to state a right to access claim, a plaintiff must allege that "defendants' cover-up violated their right of access to the courts by rendering 'any available state court remedy ineffective.' "  *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (quoting *Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997)).

26cv2111

Plaintiff has not tied the allegedly false records to any particular legal claim he would bring in state court; nor has Plaintiff alleged how the allegedly false records would preclude him from <u>any</u> available state remedy.  (ECF No. 12 ¶ 113.)

Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Count 4 claim for the same reasons in its prior Order (ECF No. 11 at 11:26–13:2).  (ECF No. 12.)

**B.    Application for Marshal to Effect Service (ECF No. 14)**

Plaintiff moves for the Court to direct the U.S. Marshal to effect service of his Complaint (ECF No. 1).  (ECF No. 14.)  Given that Plaintiff is proceeding *in forma pauperis*, the Court can direct the U.S. Marshal to conduct service on his behalf.  *See* 28 U.S.C. § 1915(d) ( "The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."); *Stewart v. De Paul*, No. 12-CV-642-BEN KSC, 2012 WL 1610075, at \*2 (S.D. Cal. May 8, 2012) (directing the same).

Thus, the Court **GRANTS** Plaintiff's Service Motion in accordance with the instructions in the Conclusion of this Order.  (ECF No. 14.)

**C.    Motion to Extend Time for Service of Process Pursuant to Fed. R. Civ. P. 4(m) (ECF No. 18)**

Given that the Court delayed resolving Plaintiff's Service Motion for one week, Plaintiff requests an extension of time for service of process.  The Court exercises its inherent discretion to control its docket to **GRANT** Plaintiff's request for extension of service to **<u>September 15, 2026</u>**.  *See* Fed. R. Civ. P. 4(m); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) ("District courts have inherent power to control their dockets"); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (A district court has full discretion to extend the time for service of process upon a showing of good cause pursuant to Rule 4(m)).

**D.    Ex Parte TRO Application (ECF No. 16)**

26cv2111

Plaintiff moves for emergency relief to prevent Katz from conducting investigations on behalf of the California Division of Occupational Safety and Health. (ECF No. 16.)

To show he has standing to pursue injunctive relief, Plaintiff must "demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that he will again be wronged in a similar way.' " *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The latter inquiry turns on whether Plaintiff has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly Clark*, 889 F.3d 956, 967 (9th Cir. 2018).

Plaintiff has not demonstrated how he in particular faces a threat of repeated injury from Defendant Katz's investigatory activities. Namely, Plaintiff does not explain how Defendant Katz's continued investigatory activities in *other* investigations relate to "[t]he falsified record of Investigation No. 1740506" which purportedly "continues to damage [Plaintiff's] reputation." (ECF No. 16 at 10:13–18.) Thus, Plaintiff lacks standing to bring a claim for injunctive relief against Katz.

As such, the Court **DENIES** Plaintiff's Ex Parte TRO Application (ECF No. 16), since Plaintiff has not alleged how Katz's investigation activities continue to affect Plaintiff personally.

### E.    Motion for Leave to File Electronically (ECF No. 19)

Before the Court is Plaintiff's ex parte motion for permission to use the CM/ECF filing system in accordance with ECF Administrative Policies and Procedures (ECF No. 19). Plaintiff has sufficiently stated he has access to the necessary equipment and software capabilities to electronically file documents. (*Id.*)

The Court therefore **GRANTS** Plaintiff's motion for leave to electronically file (ECF No. 19). *Cf. In re Cisse*, No. 20-cv-1694-BAS-WVG, 2020 WL 6561426, at *1 (S.D. Cal. Nov. 9, 2020). Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER **within seven days of this Order** on **July 1, 2026**.

- 6 -

26cv2111

## II.    CONCLUSION

For the reasons above, the Court **DISMISSES WITH PREJUDICE, IN PART** Plaintiff's Amended Complaint. (ECF No. 12.) More specifically, the Court **DISMISSES WITH PREJUDICE**:

1. Plaintiff's Count 1 cause of action against Defendants Tim Decker and Adela De la Torre;

2. Plaintiff's Count 2 cause of action against Defendants Terry Williams, Nathan Doherty, and Jessica Rentto;

3. Plaintiff's Count 3 cause of action against Defendants Mildred Garcia, Adela De la Torre, and Jessica Rentto; and

4. Plaintiff's Count 4 cause of action against all Defendants.

Additionally, the Court **DENIES** Plaintiff's Ex Parte TRO Application. (ECF No. 16.) However, the Court **GRANTS** Plaintiff's Service Motion, Motion to Extend Time for Service of Process, and Motion to Electronically File. (ECF Nos. 14, 18, 19.)

Regarding U.S. Marshal service, the Court:

1. **DIRECTS** the Clerk of the Court to terminate Defendants Tim Decker, Adela De la Torre, Debra Lee, and Brandon Hart as parties to this matter based on Plaintiff's failure to state a claim against them, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Amended Complaint (ECF No. 12) upon remaining Defendants Kirk Campbell, Terry Williams, Nathan Doherty, Jessica Rentto, Mildred Garcia, and Mark Katz, and to forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with certified copies of this Order, Plaintiff's Amended Complaint (ECF No. 12), and the summons so that he may serve remaining Defendants Kirk Campbell, Terry Williams, Nathan Doherty, Jessica Rentto, Mildred Garcia, and Mark Katz. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, include an address where service upon Defendants Kirk Campbell, Terry Williams, Nathan

Doherty, Jessica Rentto, Mildred Garcia, and Mark Katz is to be made, *see* S.D. Cal. CivLR 4.1(c), and return them to the USMS according to the instructions provided by the Clerk in the letter accompanying his IFP Package.

3. **ORDERS** the USMS to serve a copy of the Amended Complaint (ECF No. 12) and summons upon all Defendants as directed by Plaintiff on the U.S. Marshal Form 285 and to promptly file proof of that service, or proof of any attempt at service, with the Clerk of Court. *See* S.D. Cal. CivLR 5.2. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** each Defendant, once served, to reply to Plaintiff's Amended Complaint (ECF No. 12) within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) ("The Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

5. **ORDERS** Plaintiff to serve upon remaining Defendants Kirk Campbell, Terry Williams, Nathan Doherty, Jessica Rentto, Mildred Garcia, and Mark Katz or, if appearance has been entered by counsel, upon remaining Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff must also include with the original filing with the Clerk of the Court a certificate stating the manner in which a true and correct copy of the filing was also served on remaining Defendants, or counsel for remaining Defendants, and the date of such service. Any paper received by the Court that has not been filed with the Clerk or that fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

**DATED: June 24, 2026**

Hon. Cynthia Bashant, Chief Judge
United States District Court

- 8 -

26cv2111