**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SCOTT DESROSIERS,

Plaintiff,

v.

KIRK CAMPBELL, *et al.*,

Defendants.

Case No. 26-cv-02111-BAS-DEB

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING (ECF No. 33)**

Presently before the Court is Plaintiff Scott Desrosiers's ("Plaintiff") Motion for Leave to File an Opposition to Defendants Kirk Campbell, Nathan Doherty, Dr. Mildred Garcia, and Jessica Rentto's ("Defendants") Motion to Dismiss. (ECF No. 33.) For the reasons below, the Court **GRANTS** Plaintiff's Motion for Leave. (ECF No. 33.)

Federal Rule of Civil Procedure 6(b)(1) provides that when an act "may or must be done within a specified time," a court may extend that time for good cause "(A) with or without motion or notice if the court acts, or if a request is made, before the original time

or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Whether neglect is excusable under Rule 6(b)(1)(B) is determined through an "equitable" inquiry that considers "all relevant circumstances surrounding a party's omission," including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*, No. 11-CV-298 JLS NLS, 2011 WL 4102224, at *1 (S.D. Cal. Sept. 14, 2011) (citing *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir.2010)) ("[R]equests for continuance of deadlines should be 'granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.' ")

The Court finds that Plaintiff's delay is minimal. Plaintiff's responsive pleading was due on September 21, 2026. (*See* ECF No. 32; CivLR 7.1.e.2.) Plaintiff filed his Motion for Leave simultaneously with his responsive pleading on October 2, 2026. (*See* ECF No. 34.) Moreover, Plaintiff is proceeding pro se; and acted in good faith by promptly seeking relief upon recognizing the missed deadline and by filing his responsive pleading concurrently. Lastly, Defendants will not suffer prejudice since the case is still in its early stages.

Thus, pursuant to Rule 6(b)(1)(B), the Court **GRANTS** Plaintiffs' Motion for Leave to file his response to Defendants' Motion to Dismiss on October 2, 2026. (ECF No. 33.) Given that Plaintiff filed a responsive pleading on October 2, 2026 (ECF No. 34), the Court finds Plaintiff has met the relevant filing deadline.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**